IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAMILLA SENA,

    Plaintiff,

vs.                                                         Civ. No. 00-1809 JP/LCS (ACE)

CORRECTIONAL MEDICAL SERVICES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

At a pretrial conference held on October 2, 2001, the Court raised *sua sponte* the issue of whether this Court has diversity jurisdiction in this case. The Court was specifically concerned with whether the amount in controversy exceeds $75,000. The Court then ordered the parties to submit simultaneous briefs on the jurisdiction question. Order (Doc. No. 43), filed Oct. 4, 2001. The Defendant in its brief requests, as an alternative to an order of remand, that the Court certify the jurisdiction issue to the Tenth Circuit for interlocutory review.

A. Background Facts

This is a wrongful termination case in which the Plaintiff seeks lost wages, employment benefits, punitive damages, emotional distress damages, and costs. The complaint which was removed to federal court does not allege that the Plaintiff is seeking a specific amount of monetary damages.[1] The Notice of Removal summarizes the Plaintiff's claims of damages and states that the amount in controversy exceeds $75,000. In the Notice of Removal Defendant attempted to support the amount in controversy statement by citing to several New Mexico

---

[1] Subsequent to removal, the Plaintiff filed a First Amended Complaint (Doc. No. 14). The First Amended Complaint likewise does not include a prayer for a specific amount of damages.

employment cases in which juries awarded verdicts in excess of $75,000.

B. Discussion

    1. Amount in Controversy

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). Consequently, "removal statutes are construed narrowly" and uncertainties in removal jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Since the Defendant is invoking diversity jurisdiction, the Defendant has the burden of establishing the requirements for diversity jurisdiction. *Id*. (citation omitted). The amount in controversy "must be affirmatively established on the face of either the [complaint] or the removal notice" and supported by the underlying facts. *Laughlin*, 50 F.3d at 873 (citations omitted). When "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin*, 251 F.3d at 1290 (citations omitted).

The Defendant argues first that this case is similar to *Marrujo v. Swift Transportation Co., Inc.*, Civ. No. 98-1222 BB/DJS, a case in which Judge Black found diversity jurisdiction. Unlike this employment case, *Marrujo* involved personal injuries resulting from an accident. The defendant in *Marrujo* stated in its Notice of Removal that the amount in controversy was met by relying on "an analogy to jury verdicts in cases with similar alleged injuries...." Memorandum Opinion and Order (Doc. No. 24) at 5, filed Aug. 6, 1999. Judge Black concluded that the analogy was sufficient to establish the amount in controversy because it appeared that the Defendant "had a factual basis upon which to make such an assertion, and it set out those facts in

the Notice of Removal." In this case, however, the Defendant did not show in the Notice of Removal how the alleged facts in this case are similar to the facts in the cases it cited. Having failed to establish a factual similarity, the Defendant cannot show by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 through simply alleging an analogy to other cases.

Next, the Defendant distinguishes the facts in *Laughlin* from the facts in this case by pointing out that the Notice of Removal in *Laughlin* made no reference to an amount in controversy. *Laughlin* is nonetheless controlling Tenth Circuit law because of the general principles it sets forth in analyzing amount in controversy issues. The fact that the Notice of Removal in this case mentioned that more than $75,000 was in controversy whereas the one in *Laughlin* did not is insufficient to demonstrate by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

The Defendant also argues that this case is similar to *Hanna v. Miller*, 2001 WL 1116746 (D.N.M.). *Hanna* involved a traffic accident in which several people were either seriously injured or killed. The cross-complaint at issue did not specify any damages amount and the Notice of Removal generally alleged an amount in controversy exceeding $75,000. *Id*. at *1-2. Judge Kelly held that in determining the amount in controversy, the courts may consider the substance of the complaint as well as "other materials in the record at the time of removal." *Id*. at *2.[2] Judge Kelly found that the cross-complaint, the Notice of Removal, and the relevant materials in the record at the time of removal factually supported the inference that the severity of injuries

---

[2] Interestingly, Judge Kelly was also the author of the opinion in *Laughlin*.

reasonably could result in damages exceeding $75,000. *Id.* at *3-4.

*Hanna* is distinguishable from this case. First, this case is an employment case, not a case involving severe personal injuries leading to permanent impairment. Second, the damages sought in *Hanna* were more extensive than those in this case. The cross-complaint in *Hanna* sought substantial past, current, and future medical expenses, past and continuing pain and suffering, mental anguish, loss of enjoyment of life, loss of society with immediate family, recovery of past and future wages, and punitive damages as well as loss of consortium and loss of household services. *Id*. at *3. Moreover, these requested damages were supported by the factual allegations of the seriousness of the accident. In this case, the factual allegations in the complaint are not so extreme and severe that a court could infer as Judge Kelly did in *Hanna* that the amount in controversy was met. *See id.* at *4 (distinguishing the facts of *Hanna* from the facts of *Laughlin* which like this case was an employment case).

The Defendant further argues that Judge Kelly's discussion in *Hanna* of how the court in *Laughlin* dealt with *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th cir. 1993) supports a finding that the Notice of Removal in this case is adequate to establish the amount in controversy. In *Laughlin*, Kmart relied on *Shaw* to uphold removal jurisdiction. 50 F.3d at 873. In his opinion in *Laughlin*, Judge Kelly found that *Shaw* was inapposite because the Notice of Removal merely stated a good faith belief that the amount in controversy was met. *Id*. As a part of his analysis in *Hanna*, Judge Kelly observed that the Notice of Removal in *Hanna* also contained a good faith allegation that the amount in controversy was met. 2001 WL 1116746 at *3. The Defendant in this case contends that it too made a good faith allegation that the amount in controversy was met. However, reading *Hanna* as a whole, it is clear that Judge Kelly did not hold that a good faith

4

allegation is determinative of whether a Notice of Removal is adequate to support removal jurisdiction. Rather, Judge Kelly utilized the good faith allegation as simply one factor to be considered in deciding whether the complaint, Notice of Removal, and other relevant materials together established the amount in controversy. *Id*. at *4 ("In sum, the Peeks' detailed prayers for relief in the cross-complaint--coupled with the cross-defendant's good faith estimation that the damages requested would exceed $75,000 and considered in light of the severity of the accident--amply support an inference that the requisite jurisdictional amount has been established."). The Defendant's reliance on *Hanna* is misplaced.

Lastly, the Defendant argues that *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109 (D.N.M. 2000) is distinguishable from this case. *Varela* is a slip and fall case in which the plaintiff did not allege a specific amount of damages in her complaint. The defendant asserted diversity jurisdiction because "(1) Plaintiff refused to stipulate that her damages were less than $75,000, and (2) a jury rendered a verdict against Defendant for $178,439.01 in a 'similar' incident in New Mexico state court." *Id*. at 1110. Judge Baldock held that the defendant cannot rely on conclusory allegations that a state case is similar to the one at issue. *Id*. at 1111. There must be "underlying facts to establish how that case is similar to this one." *Id*. at 1112. Moreover, Judge Baldock refused "to draw any negative inference from [plaintiff's] refusal to stipulate to a cap on damages in the absence of any proof that her claims exceed the required amount in controversy." *Id*.

The Defendant in this case contends that the defendant in *Varela* did not make a good faith claim that the amount in controversy was greater than the requisite jurisdictional amount because at the time of removal the plaintiff had only $3,000 in medical expenses and had offered to settle

5

for $16,500. *See id.* The Defendant further contends that, in contrast to the facts of *Varela*, its Notice of Removal was made in good faith because at the pretrial conference Plaintiff's counsel refused to stipulate that Plaintiff's damages did not exceed $75,000. As already stated, a good faith claim alone is not enough to establish the amount in controversy. Moreover, the Defendant must show by a preponderance of the evidence that the amount in controversy was met at the time the Notice of Removal was filed. The Defendant, however, cites to *Parra v. Workmen's Auto Ins. Co.*, Civ. No. 01-326 BB/WWD, Memorandum Opinion and Order at 3 (Doc. No. 18), filed July 31, 2001, for the proposition that it can rely on the Plaintiff's statements made at the pretrial conference regarding the amount of damages. In *Parra*, Judge Black quoted from 16 Moore's Fed. Practice §107.14[2][g] at 107-70 that "'the Court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff's non-sworn letters submitted to the court or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.'" The Tenth Circuit does not follow this nonbinding text. *Laughlin* held that "Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made." 50 F.3d at 873. *See also Martin*, 251 F.3d at 1291 n.4 (quoting *Laughlin*). In his opinion in *Hanna,* Judge Kelly further instructed that the court can only examine "other material in the record at the time of removal." 2001 WL 1116746 at *2. *See also Varela*, 86 F.Supp.2d at 1111 (citing 14C Wright, Miller & Cooper, Federal Practice and Procedure §3725 at 73 (3d ed. 1998)). [3]

---

[3] The Court is constrained to following the Tenth Circuit cases, especially *Laughlin*, even though the Court may be uncomfortable applying its principles.

In sum, the Defendant has not shown by a preponderance of the evidence that the amount in controversy is met in this case. As demonstrated by *Laughlin*, it would be disastrous to retain this case through trial to only discover at the appellate level that this Court lacked subject matter jurisdiction. Bearing in mind that there is a presumption against removal jurisdiction and that any doubts should be resolved in favor of a remand, the Court determines that it is appropriate to remand this case.

2. Certification of Jurisdiction Issue

The Defendant argues that if the Court concludes there is no subject matter jurisdiction, the Court should certify the jurisdiction question to the Tenth Circuit for interlocutory review. The Defendant, however, fails to argue how 28 U.S.C. §1292(b) applies to this case. Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Having analyzed the applicable cases, cited above, on the jurisdiction question at issue, the Court does not find that there is "a controlling question of law as to which there is substantial ground for difference of opinion...." The Defendant simply disagrees with Tenth Circuit law which requires that the Defendant establish the amount in controversy in a non-speculative manner by a preponderance of the evidence at the time of removal. The Defendant's request for a certification of the jurisdiction issue for interlocutory review will be denied.

IT IS ORDERED that:

1. This case is remanded to the Tenth Judicial District Court, County of Quay, State of New Mexico; and

2. the Defendant's request for a 28 U.S.C. §1292(b) certification of the jurisdiction issue for interlocutory review by the Tenth Circuit is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE